**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| DAMON S. LLOYD,<br><br>Plaintiff,<br><br>vs.<br><br>CORBY FREE, *et al*.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:25-cv-118<br><br>District Judge Michael H. Watson<br>Magistrate Judge Kimberly A. Jolson |

## REPORT AND RECOMMENDATION

Plaintiff, an Ohio inmate, brings this *pro se* action under 42 U.S.C. § 1983 against Chillicothe Correctional Institution (CCI) Institutional Inspector Corby Free; Ohio Department of Rehabilitation and Correction (ODRC) Chief Inspector Karen Morrow; and ODRC Legal Counsel Christopher Lambert. (Doc. 4). Plaintiff brings claims relating to the alleged blocking of accounts on his tablet and the denial of his institutional grievances. (*Id*. at 2). He has paid the $405 filing fee required to commence this action. Observing that Plaintiff's initial Complaint did not contain any allegations against certain named defendants, the Court ordered Plaintiff to file a more specific, amended complaint. (Doc. 3). He has now done so. (Doc. 4).

Although Plaintiff has paid the filing fee, the Court is statutorily required to screen the Amended Complaint to determine if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or states a claim against a person who is immune from suit. *See* Prison Litigation Reform Act of 1995 § 805, 28 U.S.C. § 1915A(b); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by

counsel as the statute does not differentiate between various civil actions brought by prisoners"), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 206 (2007); *see also LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

## I. STANDARD

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Still, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("[D]ismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**II. AMENDED COMPLAINT**

Plaintiff alleges that certain accounts on his tablet were blocked beginning on August 25, 2024. (Doc. 4 at 2). He says the blocked accounts "were the various law professors, agencies, and advocacy groups that could be utilized in [his] ongoing redress of wrongful incarceration." (*Id.*). Plaintiff alleges he began the institutional grievance process to address this issue. (*Id.*).

Plaintiff claims that after he filed his grievance, Lieutenant Cannon, who is not a named defendant, directed it to "Ms. Magee," who likewise is not a named defendant. Ms. Magee then changed the status of the grievance from open to closed. (*Id.*). On September 16, Plaintiff met with Lt. Cannon "to clarify the issue." (*Id.*). Possibly Plaintiff's grievance was opened again, because he alleges that a few weeks later, Investigator A. Lindsey changed the status of the grievance from open to closed. (*Id.*). Lindsey, who is not a named defendant, also directed

Plaintiff to Defendant Corby Free. (*Id.*).

On October 15, Defendant Free provided Plaintiff with an "opaque" and "erroneous" denial of his grievance, which referenced another inmate "who had nothing to do with" Plaintiff's grievance. (*Id.*). The next day, Plaintiff sent the grievance to Defendant ODRC Chief Inspector K. Morrow. (*Id.*). She denied it on November 4 and told Plaintiff that Defendant Free was waiting for a response from ViaPath—which the Court presumes is the tablet provider—regarding Plaintiff's accounts. (*Id.*). Two days later, Defendant Free told Plaintiff that "the accounts were not suspended by individuals [at] CCI and were actions from someone outside of our agency and not a grievable action." (*Id.*).

Plaintiff seeks declaratory and injunctive relief on the allegedly blocked accounts and any further relief this Court deems just and proper. (*Id.* at 3).

## III. DISCUSSION

Liberally construing the above allegations, *see Erickson*, 551 U.S. at 94, the Court understands Plaintiff to be bringing either a Fourteenth Amendment due process deprivation-of-property claim or a First Amendment access-to-courts claim, arising out of the alleged blocking or suspension of his accounts. (*See* Doc. 4 at 2 ("The linchpin in the case sub judice is the deliberate blocking and/or suspension [of accounts] in my digital player[.]")). For the reasons set forth below, the Amended Complaint is subject to dismissal for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b).

First, although ODRC Legal Counsel Christopher Lambert is named as a Defendant in the Amended Complaint (*see* Doc. 4 at 3), the Amended Complaint contains no factual allegations against him. Accordingly, Plaintiff has alleged no set of facts that would constitute a cause of action against Defendant Lambert, and he should be dismissed. *See Sebestyen v. Gardner*, No.

2:17-CV-550, 2017 WL 5629646, at *3 (S.D. Ohio Nov. 22, 2017), *report and recommendation adopted*, No. 2:17-CV-550, 2018 WL 4804662 (S.D. Ohio Oct. 4, 2018).

Next, while the Amended Complaint does contain allegations against Defendants CCI Inspector Corby Free and ODRC Chief Inspector Karen Morrow, the allegations relate solely to their involvement in the grievance process. Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). The only allegations in Plaintiff's Amended Complaint regarding the blocking of his accounts are that they "were not suspended by individuals [at] CCI." (Doc. 4 at 2). Without factual allegations establishing that Defendants Free and/or Morrow were personally involved in the blocking of his accounts, Plaintiff has not stated an actionable claim against them. *Cf. Chappell v. Morgan*, No. 2:15-cv-1110, 2016 WL 738098, at *4 (S.D. Ohio Feb. 25, 2016) ("[U]nless the plaintiff's complaint affirmatively pleads the personal involvement of a defendant in the alleged unconstitutional action about which the plaintiff is complaining, the complaint fails to state a claim against that defendant and dismissal is warranted."), *report and recommendation adopted*, No. 2:15-CV-1110, 2016 WL 1109093 (S.D. Ohio Mar. 21, 2016), *aff'd*, No. 16-3307, 2016 WL 9943213 (6th Cir. Dec. 28, 2016).

Further, even if Plaintiff could establish the personal involvement of any of the named Defendants, his due process claim would still fail as pled. To successfully make out a procedural due process claim, a plaintiff must allege: (1) a life, liberty, or property interest requiring protection

under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). But a plaintiff may be required to allege an additional element, depending on what type of deprivation is at issue. If a plaintiff alleges a deprivation of property results from the "random, unauthorized act of a state employee," *Mitchell v. Fankhauser*, 375 F.3d 477, 482 (6th Cir. 2004), the plaintiff must also sufficiently allege that the state's post-deprivation remedies were inadequate. *Taylor v. Chambers-Smith*, No. 24-3085, 2024 WL 5038491, at *2 (6th Cir. Dec. 4, 2024) (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)). On the flip-side, if a plaintiff alleges a "deprivation pursuant to a specific and authorized jail policy," he is not required to plead the state's post-deprivation remedies were inadequate. *See id.*; *Mitchell*, 375 F.3d at 481. *See also Reid v. Allison*, No. 1:22-CV-01437, 2023 WL 597431, at *5 (E.D. Cal. Jan. 27, 2023) ("[W]hile an authorized, intentional deprivation of property is actionable under the Due Process Clause . . . neither negligent nor unauthorized intentional deprivations of property by a state employee 'constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.'" (internal citations omitted)), *report and recommendation adopted*, 2023 WL 2143196 (E.D. Cal. Feb. 21, 2023), *reconsideration denied*, 2023 WL 2277538 (E.D. Cal. Feb. 28, 2023).

It is not clear from Plaintiff's Complaint whether he pleads the former type of due process claim or the latter. (Doc. 4 at 2). But, in the end, it does not matter because Plaintiff fails to sufficiently plead either one.

To the extent Plaintiff asserts an unauthorized or negligent deprivation of property, he says nothing about the inadequacy of state post-deprivation remedies. *See Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983). *See also Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999)

(citing *Hudson*, 468 U.S. at 534–36) ("State tort remedies generally satisfy the [post-deprivation] process requirement of the Due Process Clauses."). And while Plaintiff is apparently dissatisfied with the prison's grievance system, that is not enough to satisfy his burden because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. 1998) (citations omitted); *cf. Martin v. Wilson*, No. 2:18-CV-463, 2018 WL 3083891, at *2 (S.D. Ohio June 22, 2018) (rejecting a plaintiff's contention that the grievance process is a state post-deprivation remedy).

To the extent Plaintiff asserts an authorized deprivation, he need not allege the inadequacy of state post-deprivation remedies but must still allege the deprivation of a property interest. *See Baird*, 438 F.3d at 611. Here too, his Complaint does not pass muster. Though inmates have a property interest in their personal property, *see Smith v. Michigan Dep't of Corr.*, No. 1:24-CV-179, 2024 WL 4297481, at *6 (W.D. Mich. Sept. 26, 2024), Plaintiff has not sufficiently alleged a property interest in the accounts at issue. Up front, the Undersigned is unsure what type of accounts are even at issue. Based on his scant representations, it appears that the accounts are either legal research accounts or messaging application accounts. (Doc. 4 at 2 (stating only "[t]he accounts in question were the various law professors, agencies, and advocacy groups that could be utilized in [Plaintiff's] ongoing redress of wrongful incarceration")). And while Plaintiff says that he previously had access to the accounts, he does not allege that he purchased a subscription or otherwise has a property interest in them. Without alleging the "exist[ence] [of] a . . . property interest which has been interfered with by the State," Plaintiff has failed to state a plausible due process claim. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)

Finally, even if Plaintiff could establish the personal involvement of any of the named Defendants, he also fails to state a First Amendment access-to-courts claim. (Doc. 4 at 2). To

successfully allege a violation of this right, "a plaintiff must allege an 'actual injury' and official conduct that is more than mere negligence." *Smotherman v. Errett*, No. 2:19-CV-4505, 2020 WL 1957353, at *2 (S.D. Ohio Apr. 23, 2020) (citation omitted), *report and recommendation adopted*, No. 2:19-CV-4505, 2020 WL 2526366 (S.D. Ohio May 18, 2020); *see also Lewis v. Casey*, 518 U.S. 343, 351 (1996) (requiring that the underlying action also be non-frivolous). Plaintiff's Complaint fails in this first respect. Though he says the accounts at issue "could be utilized in [his] ongoing redress of wrongful incarceration" and alleges that his access to legal aid was "forestalled," Plaintiff does not allege an "actual injury." *See Harbin-Bey*, 420 F.3d at 578 ("Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline."); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *cf. Lewis*, 518 U.S. at 351 ("[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."). What's more, Plaintiff has not described "the underlying cause of action, whether anticipated or lost" nor alleged that it was or is non-frivolous. *Johnson v. Humphrey*, No. 1:18-CV-43, 2018 WL 1151812, at *8 (S.D. Ohio Mar. 5, 2018) (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)), *report and recommendation adopted*, No. 1:18-CV-43, 2018 WL 1532525 (S.D. Ohio Mar. 29, 2018). Lastly, to the extent the accounts at issue were some kind of legal research account that Plaintiff accessed on his tablet, "a prison is not required to provide inmates with computer programs for legal research." *Parker v. Hughes*, No. 24-CV-00895, 2024 WL 2320236, at *4 (S.D. Ill. May 22, 2024) (citing *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004)).

Accordingly, it is **RECOMMENDED** that Plaintiff's Amended Complaint be **DISMISSED WITHOUT PREJUDICE**. 28 U.S.C. §1915A(b). *See also Newberry v.*

*Silverman*, 789 F.3d 636, 646 (6th Cir. 2015).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Court **DISMISS** Plaintiff's Amended Complaint **WITHOUT PREJUDICE**. 28 U.S.C. §1915A(b). *See also Newberry*, 789 F.3d at 646.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v.* 114 F.3d 601 (6th Cir. 1997).

**PROCEDURE ON OBJECTIONS:**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

Date: April 17, 2025

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE