# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DAMON S. LLOYD,

      Plaintiff,

   v.

CORBY FREE, et al.,

      Defendants.

Case No. 2:25-cv-118

JUDGE DOUGLAS R. COLE
Magistrate Judge Jolson

## OPINION AND ORDER

In her April 17, 2025, Report and Recommendation (R&R, Doc. 5, #29), Magistrate Judge Jolson recommends that the Court dismiss Plaintiff Damon Lloyd's Amended Complaint (Doc. 4) under 28 U.S.C. § 1915A(b) because it fails to state a claim upon which relief may be granted. Lloyd attempted to object. (Doc. 7). For the reasons stated more fully below, the Court **OVERRULES** Lloyd's Objections (Doc. 7), **ADOPTS** the R&R (Doc. 5) and **DISMISSES** Lloyd's Amended Complaint (Doc. 4) without prejudice.

## BACKGROUND

Lloyd is incarcerated. (Doc. 5, #21). In the Amended Complaint, Lloyd states that the "linchpin" of his case is "the deliberate blocking and/or suspension in [his] digital player, which began on or about August 25, 2024." (Doc. 4, #16). Specifically, he alleges that he was blocked from "accounts" that he used to access "various law professors, agencies, and advocacy groups that could be utilized in [his] ongoing redress of wrongful incarceration." (*Id.*). Lloyd filed a "grievance" with prison

personnel, and the remainder of his allegations detail the treatment that grievance received. (*Id.* at #16–17).

First, on September 1, 2024, Lieutenant D. Cannon directed Lloyd's grievance to "Ms. Magee" and changed its status from open to closed. (*Id.* at #16). Fifteen days later, Cannon "arranged a meeting" (presumably with Lloyd) "to clarify the issue." (*Id.*). (Neither Cannon nor Magee are named Defendants.) Apparently, this meeting reopened his grievance, because it was again changed to closed on October 2, 2024, when Investigator Lindsey (also not a named Defendant) directed Lloyd to Institutional Inspector Corby Free (the first named Defendant). (*Id.*). Then, on October 15, 2024, Defendant Free denied Lloyd's grievance with an "opaque response" that "includ[ed] an erroneous theory of religious accommodation," which referenced another inmate "who has nothing to do with this action." (*Id.*). So, the next day, Lloyd sent his grievance to Chief Inspector K. Morrow (the second named Defendant), who also denied it. (*Id.*). And on November 4, 2024, Defendant Morrow found Defendant Free "[not] responsible," but that "Corby Free was awaiting a response from Viapath as to the denial of contacts." (*Id.*). Defendant Free evidently heard back from Viapath,[1] because on November 6, 2024, he reported that "the accounts were not suspended by individuals [at] CCI" and were instead actions taken by someone outside the agency, and thus "not a grievable action." (*Id.*). Lloyd then concludes his Amended Complaint by claiming that a "litany of state actors [] deliberately forestalled [his] access to legal aid," renaming Defendants Free and Morrow and

---

[1] The Court assumes that "Viapath" is the service provider or vendor for Lloyd's "digital player."

2

mentioning "[O]DRC Legal Counsel" Christopher Lambert (the third named Defendant) for the first time. (*Id.* at #17). Lloyd seeks declaratory and injunctive relief. (*Id.*).

Lloyd filed his initial Complaint (Doc. 1) on February 7, 2025, naming the same three defendants. Because Lloyd is a prisoner proceeding pro se, the matter was referred under this Court's Amended Columbus General Order 22-01 to a Magistrate Judge for initial handling. On February 27, because the allegations in the Complaint "mention[ed] only one [of the three] Defendant[s] and contain[ed] allegations [] not connected to any Defendant," the Magistrate Judge instructed Lloyd to file an amended complaint within thirty days. (Doc. 3, #13–14). Lloyd did so. (Doc. 4). Then, on April 17, 2025, invoking the Court's screening authority under 28 U.S.C. § 1915A(b), the Magistrate Judge issued her R&R recommending dismissal of Lloyd's Amended Complaint because it failed to state a claim upon which relief may be granted. (Doc. 5, #24, 29).

Liberally construing the allegations of "blocked accounts," the Magistrate Judge concluded that Lloyd was advancing "either a Fourteenth Amendment due process deprivation-of-property claim or a First Amendment access-to-courts claim." (*Id.* at #24 (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam))). With that understanding of the claims, the Magistrate Judge recommended that Christopher Lambert be dismissed as a Defendant because the "Amended Complaint contains no factual allegations against him." (*Id.*). Turning to Defendants Corby Free and Karen Morrow, the Magistrate Judge observed that the allegations against them relate

3

solely to their involvement in the grievance process. (*Id.* at #25). She concluded that those claims fail because "[p]rison officials whose only roles 'involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior' cannot be liable under § 1983." (*Id.* (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999))). Or in other words, because Lloyd did not allege that Defendants Free or Morrow "were personally involved in the blocking of his accounts," the Magistrate Judge found that Lloyd fails to state "an actionable claim against them." (*Id.*).

The Magistrate Judge concluded that Lloyd's due process and First Amendment claims fail for other reasons as well. (*Id.* at #25, 27). Starting with the procedural due process deprivation-of-property claim, she found that if Lloyd is attempting to plead an "unauthorized act" claim, it fails because he "says nothing about the inadequacy of state post-deprivation remedies." (*Id.* at #26 (citing *Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983))). And, even if he is pleading an "authorized act" deprivation, he fails to allege a property interest in the accounts at issue. (*Id.* at #27 (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989))).

Separately, the Magistrate Judge found that the First Amendment access-to-the courts claim fares no better. (*Id.* at #27–28). To plead such a claim, "a plaintiff must allege an 'actual injury' and official conduct that is more than mere negligence." (*Id.* at #28 (quoting *Smotherman v. Errett,* No. 2:19-cv-4505, 2020 WL 1957353, at *2 (S.D. Ohio Apr. 23, 2020))). And the Magistrate Judge found no such injury. (*Id.*). While Lloyd alleges that the accounts he was blocked from "could be utilized in [his]

4

ongoing redress of wrongful incarceration," he fails to point to any non-frivolous underlying cause of action that was prejudiced. (*Id.*). Accordingly, the Magistrate Judge recommended dismissal of Lloyd's entire Amended Complaint (Doc. 4) without prejudice under 28 U.S.C. § 1915A(b). (*Id.*).

Additionally, under 28 U.S.C. § 1915(a)(3), the Magistrate Judge advised that any appeal of an Order adopting the R&R would not be taken in good faith and therefore recommended denying Lloyd leave to appeal in forma pauperis. (*Id.* at #29). The R&R also informed Lloyd that he had 14 days to serve and file specific written objections, noting that failing to make such objections may forfeit rights on appeal. (*Id.* at #29 (citing *Thomas v. Arn*, 474 U.S. 140, 152–53 (1985))). Accordingly, Lloyd needed to object by May 1, 2025, which he did. (Doc. 7).[2] In his one-page objection, Lloyd expresses some confusion regarding the screening process ("Plaintiff contends that screening is not the same as a dismissal" (emphasis removed)), requests the Court to return his filing fee if relief cannot be granted, and states that he has "a viable claim of interference" based on "demonstrated official interference on his efforts to pursue a non-frivolous legal claim." (*Id.* at #32 (citing *Mitchell v. Elum*, No. 23-11347, 2025 U.S. Dist. LEXIS 19735 (E.D. Mich. Feb. 3, 2025))).

---

[2] Although the objections did not appear on the Docket until May 2, 2025, the document itself reveals that Lloyd sent it on April 25, 2025, and that the Clerk received and filed it on May 1, 2025. (Doc. 7). *See also Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) ("Under [the prison mailbox rule] standard, a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court."). Accordingly, the Court treats Lloyd's Objections (Doc. 7) as timely.

5

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review requirement extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). In response to such an objection, "the district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* (quoting Fed. R. Civ. P. 72(b)(3)) (cleaned up).

By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A litigant must identify each issue in the report and recommendation to which he objects with sufficient clarity for the Court to identify it, or else the litigant forfeits the Court's de novo review of the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That said, Lloyd is proceeding pro se. A pro se litigant's pleadings should be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require lenient treatment of substantive law, and the liberal standards that apply at the pleading

stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted).

For any unobjected portions of an R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

## ANALYSIS

The Court begins by noting that Lloyd's "Objections" are close to the kind of general objections that do not trigger de novo review. He does not cite to any portion of the R&R, asserting only that, in his view, "he has demonstrated official interference on his efforts to pursue a non-frivolous legal claim," while citing a single case. (Doc. 7, #32). That said, Lloyd appears to be objecting to the R&R's finding that he failed to state a viable First Amendment access-to-the-courts claim. Given that Lloyd is proceeding pro se, the Court liberally construes his objections and elects to review that portion of the R&R de novo. Unfortunately for Lloyd, that does not change the result.

Start with the unobjected portions of the R&R. The Court finds no clear error there. The Court agrees that the Amended Complaint's only allegations regarding Defendants Free and Morrow relate solely to their involvement in the grievance process, and in the case of Defendant Lambert, the Amended Complaint contains no

allegations at all. (*See* Doc. 4, #16). Because Lloyd does not allege the personal involvement of any of the Defendants in the blocking of his accounts, the Amended Complaint fails as a matter of law. *See Shehee*, 199 F.3d. at 300. That alone compels dismissal of this case. The Court also agrees that even if Lloyd did sufficiently allege the Defendants' involvement, he still fails to state a due process claim for deprivation-of-property as he has not alleged a property interest in any of his blocked accounts. (Doc. 5, #27). So the Magistrate Judge did not clearly err in that determination either.

That leaves Lloyd's First Amendment access-to-the-courts claim, which the Court reviews de novo. But the Court nonetheless reaches the same conclusion that the R&R did. Lloyd fails to allege an actual injury because he has not pointed to any underlying pending or contemplated litigation that was prejudiced by the blocking of his access (if that in fact happened). *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). And *Mitchell*, the case he cites in his Objections (Doc. 7), does not help his cause. 2025 U.S. Dist. LEXIS 19735, at *4–5. There, the court held that the prisoner failed "to plead a cognizable injury to support an access-to-the-courts claim because he had no constitutional right to access the law library to prepare for a *domestic-relations proceeding.*" *Id.* (emphasis added). Here, by contrast, Lloyd might be able to allege a right to access resources in the context of *post-conviction litigation*, (*see* Doc. 4, #16 ("[T]he accounts ... could be utilized in my ongoing redress of wrongful incarceration."), but again, he fails to point to any such action that was prejudiced by the blocking.

8

In sum, all of Lloyd's potential claims fail. But because these pleading defects could potentially be cured through additional allegations, the Court agrees with the R&R that the Court should dismiss the Amended Complaint (Doc. 4) without prejudice. The Court declines, however, to return Lloyd's filing fee, as no basis exists for doing so.

## CONCLUSION

The Court therefore **OVERRULES** Lloyd's Objections (Doc. 7) and, finding no clear error as to the unobjected portions and no error as to the objected First Amendment claim, **ADOPTS** the R&R (Doc. 5) in its entirety. Accordingly, the Court **DISMISSES** Lloyd's Amended Complaint (Doc. 4) **WITHOUT PREJUDICE**. The Court **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that an appeal of this Opinion and Order would not be made in good faith, and **DENIES** Lloyd leave to appeal in forma pauperis. The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

**SO ORDERED.**

November 3, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**